UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NORCO INDUSTRIES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:12-CV-345 |
| ) | |
| AUTOMATED PRODUCTS ) | |
| INTERNATIONAL, LLC, ) | |
| ) | |
| Defendant. | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Automated Products International, LLC ("API"), by counsel, files its Answer to Plaintiff Norco Industries, Inc.'s (Norco) Complaint, Affirmative Defenses, and Counterclaims. For ease of reference, the allegations from Norco's Complaint are set forth *verbatim* below with API's answers immediately following each allegation.

1.  Norco is a corporation organized under the laws of the State of California, with a place of business at 2600 Jeanwood Dr., Elkhart, Indiana 46514.

**ANSWER:** API lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Norco's Complaint and, therefore, denies said allegations.

2.  On information and belief, API is limited liability company organized under the laws of the State of Indiana, with a principal place of business at 2840 North State Road 9, Ste. 3, LaGrange, Indiana 46761.

**ANSWER:**  API admits the allegations contained in paragraph 2 of Norco's Complaint.

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

**ANSWER:**  API admits that this action is brought under the patent laws of the United States, but denies that it has committed patent infringement.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**  API admits the allegations contained in paragraph 4 of Norco's Complaint.

5. API has committed acts of patent infringement in this Court's District, in Indiana, and elsewhere throughout the United States.

**ANSWER:**  API denies the allegations contained in paragraph 5 of Norco's Complaint.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b), in that API resides in LaGrange, Indiana and therefore is subject to personal jurisdiction in this district, and API has committed and continues to commit acts of infringement in this district.

**ANSWER:**  API denies that it has committed or is committing acts of infringement in this district.  API admits that venue and jurisdiction are proper in this district.

## FACTUAL BACKGROUND

7. On December 20, 2011, the U.S. Patent Office issued U.S. Patent No. D650,723 ("the '723 patent") to Bernard F. Garceau and Robert G. Chew for an invention entitled *Roof Bow*.  Norco owned the '723 patent throughout the period of API's infringing acts and still owns the '723 patent.  A copy of the '723 patent is attached hereto as Exhibit A.

**ANSWER:** API admits that a copy of the '723 Patent is attached to Norco's Complaint, denies that it has infringed the '723 patent, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of Norco's Complaint and, therefore, denies said allegations.

8. On April 17, 2012, the U.S. Patent Office issued U.S. Patent No. D657,719 ("the '719 patent") to Bernard F. Garceau and Robert G. Chew for an invention entitled *Roof Bow*. Norco owned the '719 patent throughout the period of API's infringing acts and still owns the '719 patent. A copy of the '719 patent is attached hereto as Exhibit B.

**ANSWER:** API admits that a copy of the '719 Patent is attached to Norco's Complaint, denies that it has infringed the '719 patent, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of Norco's Complaint and, therefore, denies said allegations.

9. On June 12, 2012, the U.S. Patent Office issued U.S. Patent No. D661,622 ("the '622 patent") to Bernard F. Garceau and Robert G. Chew for an invention entitled *Roof Bow*. Norco owned the '622 patent throughout the period of API's infringing acts and still owns the '622 patent. A copy of the '622 patent is attached thereto as Exhibit C.

**ANSWER:** API admits that a copy of the '622 Patent is attached to Norco's Complaint, denies that it has infringed the '622 patent, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of Norco's Complaint and, therefore, denies said allegations.

## COUNT I – ALLEGED INFRINGEMENT OF THE '723 PATENT

10. API has infringed and is still infringing the '723 patent by making, selling, and using roof bows that embody the patent invention, including but not limited to the roof bows

pictured on API's website, http://apistructuralsolutions.com, and in the photographs below, and API will continue to do so unless enjoined by this Court

**ANSWER:**  API denies the allegations contained in paragraph 10 of Norco's Complaint.

11. Norco has complied with the statutory requirement of placing a notice of the '723 patent on all roof bows it manufactures that embody the patent invention.

**ANSWER:**  API lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Norco's Complaint and, therefore, denies said allegations.

12. Despite Norco's placement of notice on its products, API continues to sell roof bows embodying the invention claimed in the '723 patent, and, therefore, has willfully infringed the '723 patent.

**ANSWER:**  API denies the allegations contained in paragraph 12 of Norco's Complaint.

## COUNT II – ALLEGED INFRINGEMENT OF THE '719 PATENT

13. API has infringed and is still infringing the '719 patent by making, selling, and using roof bows that embody the patented invention, including but not limited to the roof bow pictured on API's website, http://apistructuralsolutions.com and in the photographs below, and API will continue to do so unless enjoined by this Court.

**ANSWER:**  API denies the allegations contained in paragraph 13 of Norco's Complaint.

14. Norco has complied with the statutory requirement of placing a notice of the '719 patent on all roof bows it manufactures that embody the patented invention.

**ANSWER:** API lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Norco's Complaint and, therefore, denies said allegations.

15.   Despite Norco's placement of notice on its products, API continues to sell roof bows embodying the invention claimed in the '719 patent, and, therefore, has willfully infringed the '719 patent.

**ANSWER:** API denies the allegations contained in paragraph 15 of Norco's Complaint.

### COUNT III – ALLEGED INFRINGEMENT OF THE '622 PATENT

16.   API has infringed and is still infringing the '622 patent by making, selling, and using roof bows that embody the patented invention, including but not limited to the roof bow pictured on API's website, http://apistructuralsolutions.com and in the photographs below, and API will continue to do so unless enjoined by this Court.

**ANSWER:** API denies the allegations contained in paragraph 16 of Norco's Complaint.

17.   As a direct and proximate result of the infringement identified in Counts I-III of this Complaint, Norco has suffered and continues to suffer damages.

**ANSWER:** API denies the allegations contained in paragraph 17 of Norco's Complaint.

18.   On information and belief, API's willful infringement makes this case exceptional within the meaning of 35 U.S.C. § 285.

**ANSWER:** API denies the allegations contained in paragraph 18 of Norco's Complaint.

19.   If API is permitted to continue its infringement of Norco's patent rights, Norco will be irreparably harmed.

**ANSWER:**  API denies the allegations contained in paragraph 19 of Norco's Complaint.

## AFFIRMATIVE DEFENSES

20. Norco fails to state a claim against API upon which relief can be granted.

21. The patents at issue are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

22. The patents at issue are invalid on functionality grounds.

23. Upon information and belief, Norco's claims of infringement are limited or barred by the doctrine of prosecution history estoppel.

24. Norco's claims are barred by unclean hands and patent misuse.

25. API reserves the right to assert additional defenses in accordance with the Court's anticipated scheduling order.

WHEREFORE, API respectfully requests that Norco take nothing by way of its Complaint, that judgment be entered in favor of API and against Norco, and that the Court award API its attorneys' fees and costs incurred in defending this action.

## COUNTERCLAIMS

For its counterclaims against Norco, API alleges and states as follows:

### *Parties, Jurisdiction and Venue*

1. API is limited liability company organized under the laws of the State of Indiana, with a principal place of business at 2840 North State Road 9, Ste. 3, LaGrange, Indiana 46761.

2. Upon information and belief, Norco is a California corporation with a principal place of business at 2600 Junewood Dr., Elkhart, Indiana 46514.

3. This is an action for declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-

2202.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Jurisdiction and venue over these counterclaims is proper in the Northern District of Indiana.

### *Facts*

5. Norco purports to be the owner of the '723, '719, and '622 patents and has expressly charged API with infringement of the '723, '719, and '622 patents by filing a complaint for patent infringement on June 25, 2012.

6. In light of Norco's complaint for patent infringement, there exists an actual controversy between API and Norco regarding the '723, '719, and '622 patents.

7. Accordingly, a valid and justiciable controversy has arisen and exists between API and Norco.  API desires a judicial determination and declaration of the respective rights and duties of the parties herein in connection with the '723, '719, and '622 patents.

### *Count I*
### *(Declaratory Judgment of Invalidity of the '723 Patent)*

8. API repeats and realleges the allegations of Paragraphs 1-7 above in their entirety.

9. The '723 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103, and 112.

10. The '723 patent is invalid on functionality grounds.

11. The '723 patent is invalid and unenforceable by virtue of Norco's unclean hands and patent misuse.

## *Count II*
### *(Declaratory Judgment of Invalidity of the '719 Patent)*

12. API repeats and realleges the allegations of Paragraphs 1-11 above in their entirety.

13. The '719 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103, and 112.

14. The '719 patent is invalid on functionality grounds.

15. The '719 patent is invalid and unenforceable by virtue of Norco's unclean hands and patent misuse.

## *Count III*
### *(Declaratory Judgment of Invalidity of the '622 Patent)*

16. API repeats and realleges the allegations of Paragraphs 1-15 above in their entirety.

17. The '622 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103, and 112.

18. The '622 patent is invalid on functionality grounds.

19. The '622 patent is invalid and unenforceable by virtue of Norco's unclean hands and patent misuse.

## *Prayer for Relief*

WHEREFORE, API prays for judgment in its favor and against Norco as follows:

(a) Dismissing with prejudice Norco's claims against API;

(b) Declaring the '723, '719, and '622 patents are invalid and unenforceable;

(c) Denying Norco's request for damages, costs, attorneys' fees, and injunctive relief;

8

(d) Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285 based on the conduct of Norco and awarding API the cost of this action and reasonable attorneys' fees to the fullest extent permitted by law; and

(e) Granting API such other and further equitable or legal relief as is just and proper.

Respectfully submitted,

*s/D. Randall Brown*
D. Randall Brown (15127-49)
(randy.brown@btlaw.com)
Rachel K. Hehner (29281-49)
(rachel.hehner@btlaw.com)
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN  46802
Telephone:  (260) 423-9440
Facsimile:  (260) 424-8316

ATTORNEYS FOR THE DEFENDANT
AUTOMATED PRODUCTS
INTERNATIONAL, INC.

**JURY DEMANDED**

Defendant/Counterclaimant, by counsel and under Fed. R. Civ. P. 38, demands a trial by jury of all issues triable of right by jury.

Respectfully submitted,

*s/ D. Randall Brown*
D. Randall Brown (15127-49)
(randy.brown@btlaw.com)
Rachel K. Hehner (29281-49)
(rachel.hehner@btlaw.com)
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN  46802
Telephone:  (260) 423-9440
Facsimile:   (260) 424-8316

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above and foregoing document has been served this 9th day of August 2012, he electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Arland T. Stein, Esq.
>HAHN LOESER & PARKS LLP
>65 East State Street, Suite 400
>Columbus, Ohio  43215

>*s/ D. Randall Brown*
>D. Randall Brown

FWDS01 DRB 269043v1